NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANFANG ZHUANG, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-72652 Agency No. A206-412-466 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Yanfang Zhuang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Zhuang does not challenge the agency's determination that she failed to establish past harm that rises to the level of persecution. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Substantial evidence supports the agency's determination that Zhuang did not establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Zhuang's asylum claim fails.

Because Zhuang failed, for purposes of asylum, to establish a well-founded fear of future persecution, she necessarily fails to meet the more stringent standard required for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

Finally, substantial evidence also supports the agency's denial of CAT relief because Zhuang failed to show it is more likely than not she will be tortured by or

with the consent or acquiescence of the government if returned to China.  *See Aden*

*v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**